UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**JEROME H SEABERRY**            **CASE NO. 2:21-CV-02087**

**VERSUS**            **JUDGE JAMES D. CAIN, JR.**

**PROGRESSIVE PROPERTY INSURANCE CO**            **MAGISTRATE JUDGE KAY**

## MEMORANDUM RULING

Before the court is a Motion for Summary Judgment [doc. 9] filed by defendant Progressive Property Insurance Company, seeking dismissal of plaintiff's claims on the grounds that the insurance policy at issue was cancelled before the date of loss. Plaintiff Jerome Seaberry opposes the motion. Doc. 11. He also requests a hearing on the matter. Doc. 12.

### I.
### BACKGROUND

This suit arises from damage to plaintiff's home in Hurricane Laura, which made landfall in Southwest Louisiana on August 27, 2020. Plaintiff had purchased a homeowner's insurance policy for his residence at 1315 15th Street in Lake Charles, Louisiana, from Progressive, which was effective for a one-year period beginning on May 11, 2020. Doc. 9, att. 6. On June 17, 2020, however, Progressive issued a Notice of Policy Cancellation to plaintiff, stating:

Dear Policyholder,

> Your policy will cancel at 12:01 am on 7/21/2020 for the following reason(s):
>
> Fails to meet Underwriting guidelines: ineligible foundation type.
>
> If you have any questions or wish to dispute this cancellation, please contact your agent. You may also want to contact your agent for help finding replacement coverage.

Doc. 9, att. 11.[1] On that date Progressive mailed the notice to plaintiff at the residence insured under the policy, which was the last one plaintiff had provided to the company, and made a recorded call to plaintiff informing him of the cancellation. Doc. 9, att. 5, ¶ 9; Doc. 9, att. 10, ¶¶ 6–7; doc. 9, att. 12 (USPS bulk mailing receipt).

Plaintiff states that he never received the notice of cancellation or a refund of his premium. Doc. 11, att. 2. He called Progressive after his home suffered damage in Hurricane Laura in August 2020, and was informed at that time of the policy cancellation. *Id.* Progressive also informed him in October 2020 that it would reissue a check refunding his premium, but plaintiff states that he has not received that refund as of March 28, 2022. *Id.* Plaintiff filed suit against Progressive in this court on July 19, 2021, raising claims of breach of insurance contract and bad faith under Louisiana law. Doc. 1.

Progressive now moves for summary judgment, asserting that plaintiff is owed no coverage because Progressive cancelled the policy in compliance with the notice requirements under Louisiana law before the date of loss. Doc. 9. Plaintiff opposes the motion, arguing that issues of fact exist as to the efficacy of the cancellation. Doc. 11.

---

[1] Progressive provides a declaration from its director of underwriting and customer care, who specifies that Progressive conducted an underwriting inspection of plaintiff's residence on June 4, 2020. Doc. 9, att. 5, ¶ 6. Based on this inspection it determined that the house was built in 1970 with an open foundation, requiring coverage limits under Coverage A (Dwelling) of at least $200,000 under Progressive's underwriting guidelines. However, plaintiff's policy only provided a limit of $194,000. *Id.* at ¶¶ 7–8.

## II.
### SUMMARY JUDGMENT STANDARD

Under Rule 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). He may meet his burden by pointing out "the absence of evidence supporting the nonmoving party's case." *Malacara v. Garber*, 353 F.3d 393, 404 (5th Cir. 2003). The non-moving party is then required to go beyond the pleadings and show that there is a genuine issue of material fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To this end he must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

## III.
## LAW & APPLICATION

Under *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938), a federal court sitting in diversity jurisdiction applies the substantive law of the forum state. *Cates v. Sears, Roebuck & Co.*, 928 F.2d 679, 687 (5th Cir. 1991). Louisiana law in effect at the time of the cancellation and loss provided, in relevant part:

> A. Cancellation by the insurer of any policy which by its terms may be cancelled at the option of the insurer, or of any binder based on such policy, may be effected as to any interest only upon compliance with either of the following:
> > (1)(a) Written notice of such cancellation must be actually delivered or mailed to the insured or to his representative in charge of the subject of the insurance not less than thirty days prior to the effective date of the cancellation except when termination of coverage is for nonpayment of premium.
>
> . . . .
> B. The mailing of any such notice shall be effected by depositing it in a sealed envelope, directed to the addressee at his last address as known to the insurer or as shown by the insurer's records, with proper prepaid postage affixed, in a letter depository of the United States Post Office. The insurer shall retain in its records any such item so mailed, together with its envelope, which was returned by the post office upon failure to find, or deliver the mailing to the addressee.
> C. The affidavit of the individual making or supervising such a mailing, shall constitute prima facie evidence of such facts of the mailing as are therein affirmed.
> D. (1) The portion of any premium paid to the insurer on account of the policy, including unearned commission, unearned because of the cancellation and in amount as computed on the pro rata basis, must be actually paid to the insured, the agent of the insured, or other person entitled thereto as shown by the policy or by any endorsement thereon, or be mailed to the insured or such person as soon as practicable following such cancellation. Any such payment may be made by cash, check, bank draft, or money order.
>
> . . . .
> H. Notice of cancellation or nonrenewal given by the insurer in accordance with this Chapter shall be deemed sufficient. The producer shall not be

>> required to give any separate or additional notice of cancellation or nonrenewal.

La. Rev. Stat. 22:887(A). "There is a strong public policy requiring prior notice of the cancellation of an insurance policy in order than an insured might be afforded sufficient time to obtain new coverage." *Collins v. State Farm Ins. Co.*, 997 So.2d 51, 57 (La. Ct. App. 5th Cir. 2008). Accordingly, the insurer must strictly comply with statutory notice requirements. Proof of mailing can satisfy the insurer's burden, but it only creates a rebuttable presumption that may be overcome by "affirmative proof of non-delivery." *Id.* (collecting cases); *accord Manh an Bui v. Farmer's Ins. Exch.*, 68 So.3d 656, 660 (La. Ct. App. 1st Cir. 2011) (citing *Broadway v. All-Star Ins. Corp.*, 285 So.2d 536 (La. 1973)).

"Many Louisiana appellate cases have addressed the question of whether an affidavit merely alleging non-delivery is sufficient to raise a dispute of fact that is material to the question of whether the presumption of delivery has been rebutted." *Easom v. Foremost Ins. Co.*, 2012 WL 5457376, at *4 (W.D. La. Nov. 1, 2012). In this matter Progressive has shown that it mailed the notice of cancellation, in compliance with Louisiana Revised Statute 22:887, through both its affidavit and proof of bulk mailing. However, plaintiff's affidavit that he never received such notice is supported by Progressive's failure to show that it ever provided the premium reimbursement under Louisiana law and the fact that these events occurred during the first several months of the COVID-19 pandemic, which caused widespread disruption to the United States Postal Service's operations (a fact of which the court takes judicial notice). Given the court's obligation to construe the evidence in a light most favorable to plaintiff, and to avoid

making credibility determinations, this is sufficient to create an issue of fact as to whether plaintiff can overcome this presumption. Accordingly, plaintiff may present his arguments against the cancellation to the trier of fact. The court further determines that there is no need for oral argument.

## IV.
### CONCLUSION

For the reasons stated above, the Motion for Summary Judgment [doc. 9] and the Motion for Hearing [doc. 12] will be **DENIED**.

**THUS DONE AND SIGNED** in Chambers on this 8th day of April, 2022.

JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE